Philip H. Brandt
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re | Chapter 7 |
|---|---|
| Lance Allen Ludtke, | Case No. 14-18207 |
| | ORDER DENYING RECONSIDERATION |
| Debtor. | |

This matter comes before the court on the Debtor's Motion for Reconsideration ("the Motion") (Dkt. No. 53), seeking reconsideration of the Order Converting Case to Chapter 7 (Dkt. No. 32). Judge Overstreet entered the Order on April 20, 2015 on the Trustee's Motion to Convert or Dismiss (Dkt. No. 26) and Creditor Theresa Ludtke's Motion to Convert or Dismiss (Dkt. No. 29). As I heard the motions on March 25, 2015, and ruled on them, this Motion is before me.

For the following reasons, the Debtor's Motion is DENIED.

I.  **Facts**

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on November 8, 2014. His original schedules were filed with the petition and listed a debt owing to Lloyd Ludtke on Schedule D in the amount of $490,408.67. This debt was described as "2010, 2014 Shareholder Loan Stock ownership in the following Washington Corporations: Ludtke Pacific Trucking, Inc., Ludtke Company, Bakerview Storage, LLC (value per decree of dissolution)",

Order Denying Reconsideration - 1

(the "Shareholder Account Debt"). The Debtor listed this debt as secured in the amount of $467,847.00, and unsecured in the amount of $22,561.67. Additionally, Debtor's Schedule E listed unsecured priority debt of $1,500, and Schedule F listed unsecured non-priority debt of $266,232.03, for a total of $267,732.03. This amount does not include the unsecured portion of the Shareholder Account Debt.

Both the Trustee and Creditor Theresa Ludtke filed motions to convert or dismiss the Debtor's case, alleging that the Debtor exceeded the limit for unsecured debt in chapter 13 established by Section 109(e) of the Bankruptcy Code. The motions asserted that the Debtor had excluded an unsecured debt of $119,000 from his schedules, which represented the amount owing from loan for a real estate development deal from Lloyd Ludtke and his now deceased wife to him and Theresa Ludtke (the "Real Estate Debt"). The Declaration of Theresa Ludtke in support of her motion included a promissory note for the loan, Dkt. 31-2, Exhibit D, and a signed statement from Lloyd Ludtke, dated May 21, 2009, that the amount outstanding on the Real Estate Debt was $119,000. *Id.* at Exhibit E.

Theresa Ludtke's motion explained that the $490,408.67 debt to Lloyd Ludtke listed on the Debtor's schedules was originally owed by the Debtor and Theresa Ludtke to Ludtke Pacific Trucking, but that the corporation had assigned the debt to Lloyd Ludtke, the Debtor's father, in satisfaction of a debt that the corporation owed to him.

Theresa Ludtke's counsel, Sallye Quinn, also filed her declaration, attaching a copy of the Assignment and Satisfaction Agreement ("the Assignment Agreement") between Ludtke-Pacific Trucking and Lloyd Ludtke. This Assignment Agreement states in Section 1.2 that "[t]his transfer is not an extinguishment, cancellation, or satisfaction in whole or in part of the amount owing by Lance Ludtke and Theresa Ludtke as reflected on their LPT, Inc. Shareholders

Account . . ." Dkt. No. 30, p. 4. The Assignment Agreement also transferred and assigned all of Ludtke Pacific Trucking's rights of collection or enforcement of the loan to Lloyd Ludtke. *Id.*

Debtor responded to Theresa Ludtke's motion, stating that his debt was offset by his interest in the three companies and that he would file amended schedules. His response to the Trustee's motion admitted liability on the Real Estate Debt in the amount of approximately $120,000, but asserted that the debt of $490,408.67 owed to Lloyd Ludtke was satisfied when Ludtke Pacific Trucking transferred the Debtor's Shareholder Account to Lloyd Ludtke in satisfaction of the corporation's debt to Lloyd Ludtke. Debtor's response also asserted that any amount that might be owed on the Shareholder Account Debt was contingent or unliquidated, but gave no basis for this assertion. He did not dispute the authenticity of any of the exhibits submitted by the moving parties.

The Debtor then filed a reply declaration of Lloyd Ludtke on the evening March 24, 2015, the day before the hearing on the motions, Dkt. No. 40 (No. 41, although docketed as a declaration, consists only of exhibits). In the Declarations, Lloyd Ludtke confirms that $119,000 is still owing to him, and states that he took the Debtor's shares in Ludtke Pacific Trucking to offset a debt owed to him by the company, but would have preferred to be paid the $479,214.84 that the Debtor and Theresa Ludtke borrowed from the company. He explains that the purpose of this transaction was to clean up the books of Ludtke Pacific Trucking. The Debtor also filed amended Schedules B, C, D, and F on the same evening, which removed the secured debt to Lloyd Ludtke entirely and added the Real Estate Debt to Schedule F as a contingent and unliquidated debt. There is no declaration from the Debtor.

Counsel for the Debtor, Theresa Ludtke, and the Chapter 13 Trustee appeared and argued the Motions. I ruled orally at the hearing that the Debtor exceeded the debt limit in

Section 109(e) and converted the case to Chapter 7. Judge Overstreet entered the order on April 20, 2015. The Debtor filed his Motion on May 4, 2015; the Trustee and Theresa Ludtke responded.

## II. Analysis

In the Motion, the Debtor asserts error in the finding that he was over the limit in Section 109(e) of the Bankruptcy Code. Specifically, he argues that the debt owed originally to Ludtke-Pacific Trucking, Inc., later transferred to Lloyd Ludtke, was fully or partially satisfied through the assignment of the Debtor's shares to Lloyd Ludtke. Alternatively, the Debtor argues that the debt was contingent and unliquidated.

### A. Standard for Motions for Reconsideration

Motions for reconsideration filed within fourteen days of the order:

> [S]hould be treated as one to alter or amend the . . . Order under [Federal] Rule [of Bankruptcy Procedure] 9023, which incorporates [Federal Rule of] Civil [Procedure] Rule 59(e). *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 1, 18 (9th Cir. BAP 2013) (*citing Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir.2001)). The standard for granting relief under that rule requires the movant to show (a) newly discovered evidence, (b) the court committed clear error or made an initial decision that was manifestly unjust, or (c) an intervening change in controlling law. *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir.2008).

*In re Montano*, 501 BR 96, 112 (9th Cir. BAP, 2013). Similarly, under Local Civil Rule 7(h), applicable through Local Bankruptcy Rule 9013-1(h), motions for reconsideration are disfavored and are usually to be denied without a showing of manifest error, or of new facts or law that could not have previously been brought before the court with reasonable diligence.

### B. Debtor's Unsecured Debt Exceeded the Section 109(e) Limit

11 U.S.C. §109(e) states that "[o]nly an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 . . .

Order Denying Reconsideration - 4

may be a debtor under chapter 13 of this title." In reviewing matters of §109(e) eligibility, the Ninth Circuit Court of Appeals has stated that the rule for determining chapter 13 eligibility is that it should "normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001). Under *Scovis*, the unsecured portion of an unsecured debt is counted as unsecured debt to determine eligibility under Section 109(e). *Id* at 983. Therefore, looking only at the Debtor's original schedules, the total amount of unsecured debt is $280,793.70.

Theresa Ludtke also argues that Debtor owes her an unsecured noncontingent obligation of $704,141.82. Both the Trustee and Theresa Ludtke's Motions raised issues of whether the schedules were made in good faith, specifically with regard to the Real Estate Debt omitted from the schedules. The documents provided by both Theresa Ludtke in her declaration show that the amount of the debt was established in 2009. Debtor's response to the Motions admits the existence of the debt, but he has never explained its omission from the original schedules. Accordingly I find that Debtor's original schedules were not filed in good faith due to the omission of this debt, and that the Debtor, as of the petition date, owed at least $399,293.70 in unsecured debt.

In any event, I may make a limited inquiry beyond those schedules when confronted with a good faith objection to eligibility. *In re Guastella*, 341 B.R. 908, 918-21 (9th Cir. B.A.P. 2006).

**C. The Debt to Theresa Ludtke**

Debtor scheduled delinquent spousal maintenance of $1,500 as a priority unsecured debt on his original Schedule E, and his $228,093.15 property settlement debt to her as nonpriority unsecured debt on his original Schedule F.

She argues she was owed $704,141.82 on the petition date, and that the debt was

unsecured, due and payable. She differs somewhat from Debtor's estimate of the amounts of the property settlement and maintenance debts, but the principal difference is an indemnification debt of approximately $490,408.67 arising from the parties' dissolution. Theresa Ludtke has not explained what triggered the indemnification obligation, and thus it remains contingent and unliquidated.

**D. The Shareholder Account Debt is Unsatisfied**

The Debtor argues in his response and in his Motion for Reconsideration that the $490,408.67 debt owed to Lloyd Ludtke is satisfied or was offset by the simultaneous transfer of the Debtor's debt to Ludtke Pacific Trucking and the Debtor's Shareholder Account to Lloyd Ludtke. Under Washington State law, accord and satisfaction requires a meeting of the minds of the parties on their subject and intention. *Kibler v. Frank L. Garrett & Sons, Inc.*, 73 Wn. 2d 523, 525, 439 P.2d 416, 419 (1968). In that case, the Washington State Supreme Court stated that transfer of value from the debtor, coinciding with a written statement that the transfer was to be in full satisfaction, when accepted by the creditor, constituted full accord and satisfaction. *Id.* In this case, the Assignment Agreement to which the Debtor points for this assertion plainly states that the debt that the owed by Debtor and Theresa Ludtke to Ludtke Pacific Trucking is not satisfied or cancelled. Rather, the Assignment Agreement transfers enforcement and collection rights to Lloyd Ludtke, which further contradicts the Debtor's argument that the debt was satisfied. There was no meeting of the minds in the Assignment Agreement that the Debtor's debt would be satisfied, and therefore the debt is not satisfied.

Additionally, there is no evidence of when the alleged satisfaction occurred. Lloyd Ludtke's declaration states that he considers himself the owner of the Ludtke Pacific Trucking shares. Dkt. 40, p. 4. This is a present tense statement made post-petition, and it does not indicate

when the alleged satisfaction occurred, nor does he describe or date any agreement with the Debtor, even verbal, to the effect that the debt was satisfied. Under *In re Scovis,* the debtor's financial condition is considered as of the date of the petition to determine eligibility under Section 109(e). 249 F.3d at 982. Therefore, Lloyd Ludtke's declaration is insufficient to support the Debtor's characterization of this debt in his Motion for Reconsideration.

The Debtor also argues that the debt is offset by his shareholder's agreement. In *In re Sylvester,* The BAP ruled that the debtor's counterclaim against one of his creditors did not prevent the debt from being included in the Section 109(e) calculation, even if the counterclaim was larger than the debt itself. 19 B.R. 671, 673 (9th Cir. B.A.P. 1982). In that case, the BAP determined that a counterclaim could not offset a liquidated claim, which requires ready determination and precise computation. *In re Fostvedt,* 823 F. 2d 305, 306 (9th Cir. 1987). Here, the underlying debt is liquidated, as both the Debtor and Theresa Ludtke have provided documents in their declarations, which fully account for the claim, making it readily ascertainable and easy to calculate precisely. Therefore, even if the debt documented in his shareholder's agreement were secured, Debtor cannot offset it against the obligation to his father in the Section 109(e) calculation.

Finally, Debtor's Plan (Dkt. 2) proposes to surrender his Ludtke Pacific Trucking Shares to his father in satisfaction of the debt, further evidencing that no satisfaction or offset occurred before the petition date, and that the debt was still owed by the Debtor at the time he filed this case.

### E. The Shareholder Account Debt is Noncontingent

Debtor argues finally that the Shareholder Account Debt is contingent. Under *Fostvedt,* a debt is noncontingent when all events giving rise to the debt occurred prior to the Debtor filing

Order Denying Reconsideration - 7

for bankruptcy. *Id.* Here, it appears from the record that there is no further event to occur to create the debt; the debt is referenced as owed by the Debtor and Theresa Ludtke in the Stockholders Transfer Agreement, dated June 7, 2011 (Dkt. No. 30 Exhibit B) and in the Assignment Agreement, dated May 13, 2011. *Id.* at Exhibit A. Debtor does not identify any events still needed to create liability; the debt is not contingent.

**F. The Shareholder Account Debt is Unsecured**

Theresa Ludtke raised a further argument in her Motion and at the hearing that the entire $490,408.67 debt is unsecured for lack of compliance with RCW 62A.9A-203(b), which requires:

> Except as otherwise provided in subsections (c) through (i) of this section, a security interest is enforceable against the debtor and third parties with respect to the collateral only if:
> (1) Value has been given;
> (2) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and
> (3) One of the following conditions is met:
> (A) The debtor has authenticated a security agreement that provides a description of the collateral and, if the security interest covers timber to be cut, a description of the land concerned;
> (B) The collateral is not a certificated security and is in the possession of the secured party under RCW 62A.9A-313 pursuant to the debtor's security agreement;
> (C) The collateral is a certificated security in registered form and the security certificate has been delivered to the secured party under RCW 62A.8-301 pursuant to the debtor's security agreement; or
> (D) The collateral is deposit accounts, electronic chattel paper, investment property, letter-of-credit rights, or electronic documents, and the secured party has control under RCW 62A.7-106, 62A.9A-104, 62A.9A-105, 62A.9A-106, or 62A.9A-107 pursuant to the debtor's security agreement.

Here, neither the Debtor nor Lloyd Ludtke has provided an authenticated security agreement describing the shares as collateral for the Shareholder Account Debt. In fact, neither party has presented any document that purports to create a security interest in the Debtor's shares of Ludtke Pacific Trucking, nor has any party shown how any of the

conditions of R.C.W. 62A.9A-203(b) were met. The Shareholder Account Debt is unsecured.

### III. Conclusion

The Court finds, on the date of his petition, that in addition to the unsecured debt listed in Debtor's original schedules, the Debtor owed the additional $119,000 unsecured Real Estate Debt, and that the Debtor's failure to schedule this debt was not in good faith. In addition, the Debtor owed $490,408.67 to his father after the debt was assigned to him by Ludtke Pacific Trucking, and that the debt is unsecured. Thus, the Debtor's total unsecured debt on the date of the petition was at least $877,140.70, ( the prepetition interest and support owed to Theresa Ludtke may increase this amount somewhat), in excess of the statutory limit in Section 109(e).

ACCORDINGLY, the motion for reconsideration is DENIED.

DATED: 30 June 2015.

Philip H. Brandt
United States Bankruptcy Judge